IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ANTHONY WASHINGTON,      :
      Petitioner,      :          CIVIL ACTION
                      :
    v.      :
                      :          No. 07-3462
JEFFREY BEARD, Commissioner,      :
Pennsylvania Department of      :          THIS IS A CAPITAL CASE
Corrections, et al.,      :
      Respondents.      :

**M E M O R A N D U M**

Stengel, J.                                                                March 27, 2012

Anthony Washington was convicted in the Court of Common Pleas of

Philadelphia of first degree murder.  After exhausting his state court remedies,

Washington filed a federal habeas petition pursuant to 28 U.S.C. § 2254(d)(1).

Washington sought an evidentiary hearing, which was granted.  Respondents now seek to

limit the scope of that evidentiary hearing based on the Supreme Court ruling in Cullen v.

Pinholster, 131 S. Ct. 1388 (2011).

I.      **Background**

On January 23, 1993, two men robbed a Save-A-Lot in the Kensington section of

Philadelphia.  Tracy Lawson, the store's unarmed security guard, chased the robbers.

One of the robbers, while fleeing, fired one shot over his shoulder in Lawson's direction

and struck Lawson in the head and killed him.  At trial, the Commonwealth presented

evidence that Anthony Washington, along with co-defendant Derrick Teagle, committed

the robbery and that Washington was the man who fired the fatal shot.  The jury

convicted Washington of first degree murder and sentenced him to death.

In post-conviction proceedings, Washington uncovered evidence that Teagle was

the shooter, but the state courts did not grant a hearing.  On August 20, 1997, the

Supreme Court of Pennsylvania affirmed the conviction and death sentence on direct

appeal.  Commonwealth v. Washington, 700 A.2d 400 (Pa. 1997).  On June 26, 1998, the

United States Supreme Court denied his Petition for Writ of Certiorari.  Washington v.

Pennsylvania, 524 U.S. 955 (1998).  Washington filed a pro se petition for relief under

the Post Conviction Relief Act (PCRA) with the Philadelphia Court of Common Pleas,

which was dismissed and affirmed following appeal.  Commonwealth v. Washington,

927 A.2d 698 (Pa. 2007).  Washington requested and this court issued an order staying

the execution and appointing undersigned counsel for Petitioner's habeas corpus relief.

This court granted Washington an evidentiary hearing on claims one, four, and

eleven[1] of his petition for writ of habeas corpus, (Doc. #9), prior to the Supreme Court's

decision in Cullen v. Pinholster, 131 S. Ct. 1388 (2011).  (Order, Stengel J., November 3,

2010).  In the petition, claim one states that Mr. Washington is "innocent of first degree

murder and innocent of the death penalty as his co-defendant has admitted to firing the

fatal shot and the Commonwealth failed to disclose exculpatory evidence in its

possession corroborating codefendant's culpability for the murder."  (Doc. #9 at 10).

Petitioner argues that his claim of factual innocence – supported by the admission of his

---

[1] Claim eleven alleged that counsel rendered ineffective assistance by failing to investigate and present readily available mitigating evidence.  However, because the Commonwealth has agreed to provide Mr. Washington a new penalty hearing, this claim, as well as Mr. Washington's other penalty phase claims, are moot.

co-defendant – is an amalgamation of newly discovered evidence, ineffective assistance of counsel, and <u>Brady</u> violations.[2]   (Doc. #9 at 10).   Washington argues in his petition that he has set forth evidence that shows his co-defendant, Teagle, fired the shot that killed the victim, that Teagle later admitted that he shot the victim, and that the Commonwealth's key witness lied at trial.   (Doc. #9 at ¶ 35).   Claim four states that "the identification testimony was wholly unreliable and the identifications were unconstitutionally suggestive; trial and appellate counsel rendered ineffective assistance by failing to raise and litigate these claims."   (Doc. #9 at 26).

Following the Supreme Court's holding in <u>Cullen v. Pinholster</u>, Respondents have filed a motion in limine to limit the consideration of evidence pertaining to the claims that the state court adjudicated on the merits and to the factual record before the state court.[3]

---

[2] <u>Brady v. Maryland</u>, 373 U.S. 83 (1968).

[3] Respondents have also filed a Motion to Preclude Expert Testimony. Expert testimony that eye-witness identification is not reliable is not admissible in Pennsylvania state court. <u>See, e.g., Pennsylvania v. Abdul-Salaam</u>, 678 A.2d 342, 352 (Pa. 1996) (court properly denied expert witness expense because expert testimony on eyewitness identification was not admissible). However, the expert testimony is admissible in federal court. <u>See, e.g., United States v. Brownlee</u>, 454 F.3d 131, 144 (3d Cir. 2006). In <u>United States v. Downing</u>, 753 F.2d 1224 (3d Cir. 1985) the court held that Fed. R. Evid. 702 may permit a defendant to adduce testimony from an expert in the field of human perception and memory concerning the reliability of eyewitness identifications and that the admission of this kind of expert testimony is not automatic, but must survive preliminary scrutiny by the district court.

The Commonwealth contends, because the testimony is inadmissible in state court, it is not relevant to Mr. Washington's claim of trial and appellate counsel ineffectiveness. In addition, it is not relevant to the actual innocence claim because that claim cannot be established through impeachment and credibility testimony. Petitioner maintains that federal evidentiary hearings do not preclude expert testimony of this nature and because the hearing is in front of a judge, the perceived danger of jury confusion is nonexistent. He maintains the evidence cannot prove his innocence but can undermine the weight of the evidence and bolster the weight of other evidence.

In light of my conclusion that the <u>Pinholster</u> and <u>Brown</u> decisions limit a federal court's ability to hold an evidentiary hearing, the question is whether Dr. Penrod's testimony is relevant to Petitioner's claim of actual innocence under <u>Schlup v. Delo</u>, 513 U.S. 298 (1995). Dr. Penrod cannot possibly prove that the Petitioner did not commit the crime. Instead, Dr. Penrod can provide only impeachment evidence as to the credibility of the eyewitness testimony. However, <u>Schlup</u> is a verdict accuracy inquiry that requires the fact-finder to consider all of the evidence and determine whether it is probable that any reasonable juror would have reasonable doubt. <u>House</u>, 547 U.S. at 538. Although the expert testimony impeachment evidence could not possibly prove that Washington

## II.    Discussion

Review under the habeas provision providing relief on a claim of a state prisoner that has been "adjudicated on the merits in state court proceedings," if the adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law," is limited to the record that was before the state court that adjudicated the claim on the merits. [4]  28 U.S.C.A. § 2254(d)(1);[5] Cullen v. Pinholster, 131 S. Ct. 1388 (2011).  In Cullen v. Pinholster, the Supreme Court significantly limited the discretion of federal courts to consider new evidence in support of federal constitutional attacks on state court convictions.[6]  The Supreme Court, however, declined to state that federal courts can never hold evidentiary hearings in

_____

did not commit the crime, the Petitioner is offering other non-impeachment evidence with regard to his actual innocence claim.  However, Dr. Penrod testimony must still pass preliminary scrutiny under a Daubert hearing.

[4] Specifically, the Court held that new evidence introduced at a federal evidentiary hearing in support of a claim previously adjudicated on the merits in state court is irrelevant to § 2254(d)(1).  Pinholster, 131 S. Ct. at 1398. Therefore, the habeas court may not take into account any facts that were not before the state court in deciding the reasonableness of the state court's ruling, meaning no additional facts may be used in evaluating whether the state court decision was contrary to, or an unreasonable application of, clearly established federal law.

[5] A federal court may not grant habeas relief to a person in state custody whose claims were adjudicated on the merits unless that adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

[6] The Court reasoned that the "backward-looking language" present in § 2254(d)(1) "requires an examination of the state-court decision at the time it was made" and that therefore the record under review must be "limited to the record in existence at that same time i.e., the record before the state court."  Pinholster, 131 S. Ct. at 1398.

The holding that federal review of state court convictions is limited to the factual record before the state courts applies even when a criminal defendant has sought and been denied a post-conviction hearing in state court. Additionally, this is true even when, like in the Ninth Circuit's ruling in Pinholster, the new evidence is credible and dispositive of the claim.  It is also important to note that the Pinholster decision was a capital proceeding, and thus, even for claims where a Petitioner's life is at issue, the Supreme Court held that new evidence, not before the state court, cannot be considered under § 2254(d).

habeas corpus cases.  The Court left open the possibility that a hearing could be granted

in an appropriate case, such as where a claim was never adjudicated in state court and,

therefore, subdivision (d) does not apply, or in certain other circumstances.[7]  131 S. Ct. at

1411, n. 20.

The Third Circuit has recently applied Pinholster in a similar context in Brown v.

Wenerowicz, 663 F.3d 619 (3d Cir. 2011).[8]  Anthony Brown was convicted in

Pennsylvania state court of first-degree murder, reckless endangerment, and possession of

an instrument of crime.  After exhausting his state court remedies, Brown filed a federal

habeas petition pursuant to 28 U.S.C. § 2254(d)(1), claiming that the decision of the

Pennsylvania Superior Court was an unreasonable application of *Strickland v.

Washington*, 466 U.S. 668 (1984).  The district court granted Brown's petition following

an evidentiary hearing, which showed Brown's attorney's mistakes prejudiced Brown

because the "evidence of guilt" was thin and the witness testimony not presented at trial,

due the attorney's mistake, corroborated previously untrustworthy witness testimony that

Brown left the restaurant too late to be the shooter.  Id. at 626.  In light of these factual

findings, the District Court held that "the PCRA court's application of *Strickland*, and the

---

[7] One of these appropriate circumstances may be where a state court assumes the truth of particular allegations in rejecting a claim but comes to the wrong conclusion based on that assumption.  In that case, a hearing is necessary to determine whether the underlying allegations are true.  Pinholster, 131 S.Ct. at 1412 (Breyer, J., concurring in part and dissenting in part).

[8] Many other federal courts have already declined to order hearings citing Pinholster.  See, e.g., Atkins v. Clark, 642 F.3d 47 (1st Cir. 2011) (rejecting an appeal from a district court's denial of a request for an evidentiary hearing in relation to a petition for habeas corpus citing Pinholster); Ridgeway v. Zon, 2011 U.S. App. Lexis 12151 (2d Cir. June 15, 2011) (unpublished) (dismissing the request for an evidentiary hearing because the state court decision was on the merits and the Petitioner failed to satisfy § 2254(d) without the addition of newly acquired evidence); Jackson v. Kelly, 2011 U.S. App. Lexis 8438 *37-38 (4th Cir. April 25, 2011), cert. denied, 2011 U.S. Lexis 5151 (Aug. 18, 2011) (holding that based on the record available to the state court that adjudicated the Petitioner's claims on the merits, the writ was improvidently granted).

Superior Court's affirmance, [were] unreasonable." <u>Brown v. Wakefield</u>, 2010 U.S. Dist. LEXIS 63618 at *14 (E.D. Pa. June 24, 2010).

The Commonwealth appealed, claiming that under the stringent requirements of the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), Brown was entitled to neither a federal evidentiary hearing nor the issuance of the writ. The Court of Appeals agreed based on <u>Pinholster,</u> observing that district courts cannot conduct evidentiary hearings to supplement the existing state court record under 28 U.S.C. § 2254(d). <u>Wenerowicz</u>, 663 F.3d at 629. Otherwise, federal habeas petitioners would be able to circumvent the finality of state court judgments by establishing a new factual record. <u>Id.</u> This would contravene AEDPA, which requires petitioners to diligently present the facts in state court before proceeding to the federal courthouse. <u>Id.</u>

In their motion in limine Respondents argue that Mr. Washington must overcome the limitation of § 2254(d)(1) on the record that was before the state court because claims one and four in the writ for habeas corpus were adjudicated on the merits in the Pennsylvania State Court. (Doc. #87 at 2). Specifically, Respondents argue that Mr. Washington's free standing claim of actual innocence, his claims of ineffective assistance of counsel for failing to investigate Meshe Miller, Martha Harrington, and LaVaughn Robinson, his <u>Brady</u> claim regarding the Ms. Miller's statement to the police, and his claim of ineffective assistance of counsel for failing to claim that the identifications were unconstitutionally suggestive were all rejected on the merits by the Pennsylvania State

Supreme Court.[9]  (Doc. #87 at 3); <u>Commonwealth v. Washington</u>, 927 A2d 586, 595-603 (Pa. 2007).  Therefore, any review of these claims is limited to the record that was before the state court and that court's resolution was neither contrary to, nor an unreasonable application of established federal law.  (Doc. #87 at 3).

In a subsequent letter to the court addressing the application of <u>Brown</u> to the facts of this case, Respondents argue that the court cannot grant an evidentiary hearing on all claims reasonably rejected on the merits.  Respondents also distinguished the Third Circuit's holding in <u>Han Tak Lee v. Glunt</u>, 2012 WL 247993 (3rd Cir. Jan. 27, 2012) stating that in that case the court found that the state court had not adjudicated the federal claim on the merits and that <u>Pinholster</u> did not apply.  Respondents concede that some of Mr. Washington's <u>Brady</u> claims and his <u>Schlup</u> gateway actual innocence claim were not adjudicated on the merits and, therefore, <u>Pinholster</u> is not a bar to a hearing regarding those claims.[10]  (Doc. #87 at 3).

---

[9]The Pennsylvania Supreme Court found that, among other things, Martha Harrington's statement was not newly discovered evidence, counsel ineffectiveness for failure to investigate was waived, and counsel was not ineffective. In regard to Mishe Miller's declaration, the court found Mr. Washington did not show counsel did not have a reason for not calling her as a witness.  Regarding LaVaughn Robinson's declaration, the court found that Mr. Washington could not establish Mr. Robinson would be available at trial because Mr. Robinson had fled.  The Supreme Court refused to consider the police teletype because it had not been presented to the lower court until a motion for reconsideration and it found it was not newly discovered evidence.

The Pennsylvania Supreme Court found the claim for counsel ineffectiveness for failing to present mitigating evidence claim waived and noted Mr. Washington was not prejudiced by the failure to present the evidence.  It noted counsel presented evidence of abuse through Mr. Washington's mother and grandmother and trial counsel may have had a strategy for not presenting mental health testimony.  It faulted Mr. Washington for not presenting an affidavit from trial counsel explaining his lack of investigation.

[10] However, Respondents argue that Mr. Washington's <u>Brady</u> claims are procedurally defaulted and provide no basis for federal habeas relief and that his gateway actual innocence claim fails to meet the <u>Schlup</u> standard.  (Doc. # 73 at 11-14).

Although Petitioner recognizes the limitation that <u>Pinholster</u> creates, he argues that the Commonwealth's motion is premature because <u>Pinholster</u> did not limit a federal court's power to hold an evidentiary hearing and did not address § 2254(e)(2). Therefore, the court need not determine how § 2254(d) will apply to Mr. Washington's claims at this time. Petitioner also argues that <u>Pinholster</u> only applies to claims that the state court adjudicated on the merits and the federal court can still find the state court's decision objectively unreasonable under § 2254(d)(1) or (d)(2). Moreover, Mr. Washington argues that if the federal court finds the state court's decision objectively unreasonable, then nothing in <u>Pinholster</u> bars the federal court from then considering new evidence presented at the hearing.

Petitioner disagrees that claim one is limited by <u>Pinholster</u>.[11] Mr. Washington argues that his freestanding innocence claim was not decided on the merits because the Pennsylvania Supreme Court, rather than considering the record as a whole, viewed each piece of newly discovered evidence to determine whether it would have "changed the outcome of the trial" and evaluated Teagle's admission under its "jurisprudence pertinent to recantation evidence" not under an actual innocence analysis. <u>Commonwealth v. Washington</u>, 927 A.2d at 595-97.

<u>Pinholster</u> clearly limits federal evidentiary hearings with regard to subdivision (d). I agree with Respondents that Petitioner's claim that the identifications were unconstitutionally suggestive, his <u>Brady</u> claim regarding Ms. Miller's statement to the

---

[11] Petitioner agrees that the state court decided claim four (the identification claim) on the merits and, therefore, concedes that the claim is limited by <u>Pinholster</u>.

police, and his claims of ineffective assistance of counsel for failing to investigate Ms.

Harrington, Ms. Miller, and Mr. Robinson and for failing to claim the identification

testimony was unreliable were all rejected by the state court on the merits.  Under

Pinholster and Brown there cannot be an evidentiary hearing on these claims.[12]

I find that Petitioner's freestanding claim of actual innocence was not decided on

the merits by the state court.  For the purposes of a section 2254(d), "a claim has been

'adjudicated on the merits in State court proceedings' when a state court has made a

decision that finally resolves the claim based on its substance[.]"  Thomas v. Horn, 570

F.3d 105, 117 (3d Cir. 2009).  As long as "the reasoning of the state court does not

contradict relevant Supreme Court precedent, the AEDPA's general rule of deference

applies."  Priester v. Vaughn, 382 F.3d 394, 398 (3d Cir. 2004) (citing Early v. Packer,

537 U.S. 3 (2002); Woodford v. Visciotti, 537 U.S. 19 (2002)).[13]  Not only did the state

court not cite to federal law, such as Herrera v. Collins, 506 U.S. 390 (1993) or House v.

Bell, 126 S.Ct. 2064 (2006), the state court reasoning was not clearly consistent with the

standards set forth in these cases.  Although Herrera does not provide an exact standard

for a freestanding actual innocence claim, the Supreme Court made clear that it was

"extraordinarily high," and the state court did not articulate an analysis applicable to

Herrera.  506 U.S. at 417.  The state court reviewed the evidence supporting the actual

---

[12] As the parties agree that the state court decided claim four on the merits, I will grant Respondent's motion as to that claim and disallow additional evidence introduced at the federal evidentiary hearing with regard to that claim unless the Petitioner overcomes the limitation of § 2254(d)(1) on the record that was before the state court.

[13] In Early, for instance, the Supreme Court held that qualification for AEDPA deference "does not require citation of our cases--indeed, it does not even require awareness of our cases, so long as neither the reasoning nor the result of the state court decision contradicts them." Early, 537 U.S. at 8; Bell v. Cone, 535 U.S. 685, 698, 152 L. Ed. 2d 914, 122 S. Ct. 1843 (2002) (applying deferential AEDPA standard of review where state court had relied only on its own precedent to reject petitioner's ineffective assistance of counsel allegation).

innocence claim and determined that the evidence would not have changed the outcome of trial, but did not examine the evidence in light of a freestanding actual innocence claim.  Commonwealth v. Washington, 592 Pa. 698, 714-718 (Pa. 2007).  I note that a freestanding actual innocence claim has not been recognized in this Circuit, but the evidence of actual innocence could be relevant to the Schlup gateway analysis.

## III.   Conclusion

For the reasons set forth in this memorandum, I will grant in part and deny in part Respondent's motion *in limine* in light of the recent Supreme Court decision in Cullen v. Pinholster.  The hearing will be limited to the Petitioner's Brady claims that were not decided on the merits,[14]  the Petitioner's Schlup gateway actual innocence claim, and evidence supporting Petitioner's claim of freestanding actual innocence.

An appropriate Order follows.

---

[14] This includes all of Petitioner's Brady claims other than the claim regarding Keshe Miller's statement to police.